[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE MOTION FOR TEMPORARY ALIMONY AND SUPPORT FOR THE MINOR CHILDREN (DOCKET ENTRY #112 AND #113)
Docket entry #112, the defendant's motion for temporary custody and support, so far as the issue of custody is concerned, has been disposed of by agreement of the parties on June 16, 1992. The parties have been unable to agree on the financial orders of docket entry #112 and docket entry #113, the defendant's motion for temporary alimony.
These motions are presented to the court pursuant to the provisions of 46b-83. In considering these motions the court must consider the provisions of 46b-82 and 46b-84 of the General Statutes together with the Family Support Guidelines as mandated by 46b-215b of the General Statutes, except for the factor of fault. The court has considered the factors of46b-82 and 46b-84 of the General Statutes and the Family Support Guidelines in arriving in its decision in this case.
The parties were married in June 1972. They separated in November 1991 and the plaintiff began living with a female companion in her home where he contributes one-half of the household expenses. There are three children issue of the marriage, Erika, age 10, Brett, age 8 and Kyle, age 7, who are living with their mother in the family home at 56 Strawberry Hill Road in Madison. The home is subject to a mortgage of $453,500 and a lien to the Bank of New England in excess of $1,000,000, which liens exceed the value of the property by more than $800,000. The monthly payment on the mortgage amounts to $4139.
The plaintiff is the chairman of ten video super stores known as Northeastern Video. The corporation filed in bankruptcy on May 4, 1992. There have been losses sustained by the corporation. In 1990, those losses totaled $284,000 (see defendant's Exhibit 2). In 1990 the plaintiff's salary was $202,000 none of which was taxable because of the corporation losses. The plaintiff is a licensed member of the Connecticut Bar and practiced tax law in 1985. CT Page 6317
On April 16, 1992, the plaintiff filed personal bankruptcy. His salary has now been reduced by the corporate trustee in bankruptcy from $25,000 per month to $12,500 per month. ($150,000 per year) He has been advised by the corporate trustee that the corporate losses now belong to the corporation and cannot be used by him on his personal tax return.
The plaintiff's female companion opened an account in her name at the Madison office of Connecticut National Bank. During the period March 5 to May 21, 1992 the plaintiff funneled $56,500 through this account. He contributed $15,000 to the furnishings or the companion's new home.
Until November 1991, all bills pertaining to the family home had been paid. Until his filing in bankruptcy the plaintiff made all payments on the van and the house mortgage.
In September 1991, the defendant started working. She has been employed as a Guidance Counselor at Eli Whitney Technical School. She receives a gross salary of $566.44 per week for ten months. Her net pay amounts to $391.50 per week. However, she shows a figure of $126.54 per week deduction for FICA and federal income tax whereas the withholding tables show $94 for a single person with no exemptions and $67 for head of household with no exemptions. She reports total weekly expenses including the mortgage payment of $962.75 of $3483.27.
The defendant wife seeks an order of $7500 per month retroactive to June 1, 1992, an order that the $2500 held in Attorney Joseph's trustee account be held in escrow, and an order that the plaintiff be restrained from disposing of his 1991 income tax refund at such time as it is received. The plaintiff husband seeks an order of $750 per week child support and $50 per week temporary alimony for a total effective order of $800 per week. He argues that this, together with her pay, will amount to $1250 per week. He argues against any order on the $2500 held in his trustee account, claiming that that sum is committed.
Having considered all of the factors of 46b-82 (except the issue of fault) and 46b-84 of the General Statutes together with the Family Support Guidelines, the court enters the following orders pendente lite:
1. The plaintiff shall pay to the defendant the sum of $1250 per week as unallocated alimony and support commencing June 5, 1992 to July 10, 1992. The plaintiff shall pay to the defendant the sum of $1400 per week as unallocated alimony and support on July 10, 1992 and each Friday thereafter to and including September 11, 1992. Thereafter, on September 18, 1992, CT Page 6318 and weekly thereafter, said sum shall be $1250 per week again as unallocated alimony and support.
2. The plaintiff shall keep current the payments on the 1988 Dodge Van presently used by the defendant.
3. The plaintiff shall provide hospital and medical insurance coverage for the minor children pendente lite. Any uninsured or unreimbursed medical or dental expenses incurred for the children shall be shared equally by the parties. The defendant shall have the benefit of the provisions of 46b-84 (c) of the General Statutes.
4. The court enters no order with respect to the $2500 held in Attorney Joseph's trustee account.
5. The plaintiff shall refrain from assigning, transferring or in any way spending, cashing or in any way disposing of any income tax refund he may receive on his 1991 income tax return until further order of the court.
Orders shall enter in accordance with the foregoing.
Edgar W. Bassick III, Judge